First Appellate Department, November, 1903. Reported. 87 App. Div. 631.

PATRICK W. CULLINAN, as State Commissioner of Excise of the State of New York, Respondent, *v.* ANGELA SISTO, Defendant, and THE FIDELITY AND CASUALTY COMPANY OF NEW YORK, Appellant.

*Nadal & Carrere*, for appellant.

Liquor tax certificate is personal property, and may be assigned or transferred like other personal property. (*Niles* v. *Mathusa*, 20 App. Div. 483, affd. 162 N. Y. 546; *People ex rel. Miller* v. *Lyman*, 27 App. Div. 527, affd. 156 N. Y. 407; *Matter of Lyman*, 53 App. Div. 330; *McNeeley* v. *Welz*, 166 N. Y. 124.) The statute will not be construed so as to enlarge the obligation of the surety. (*Wood* v. *Fisk*, 63 N. Y. 245; *Lang* v. *Pike*, 27 O. St. Rep. 497;

*Ward v. Stahl,* 81 N. Y. 406; *Banking Assn.* v. *Conkling,* 90 N. Y. 116; *Lyman* v. *Schermerhorn,* 167 N. Y. 113; *Lyman* v. *Kane,* 57 App. Div. 549; *Waldron* v. *Fargo,* 170 N. Y. 130.) Bond was given only for Sisto, and applied only to her business. (*Matter of Lyman,* 59 App. Div. 217; *Lyman* v. *Cheever,* 168 N. Y. 42; *Lyman* v. *Kane, supra; Lyman* v. *Shenandoah Club,* 39 App. Div. 459.) Sisto cannot be said to have " suffered and permitted " the violation. (*Gregory* v. *U. S.* 17 Blatch. 325; *Town of Collinsville* v. *Scanland,* 58 Ill. 221.)

The defendant Sisto prior to the place becoming disorderly leased it to other parties, who agreed to have the liquor tax certificate properly transferred.

*Herbert H. Kellogg,* for respondent.

Judgment should be affirmed on the decision in *Cullinan* v *Parker* (84 App. Div. 296).

Judgment and order affirmed, with costs, on the authority of *Cullinan* v. *Fidelity and Casualty Company,* (Parker Certificate) (84 App. Div. 296).